UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SUSAN SCOTT,                          §
                                      §
        Plaintiff,                    §
                                      §
V.                                    §        CIVIL ACTION NO. 3: 05-CV-1786-B
                                      §
EXPERIAN,                             §
                                      §
        Defendant.                    §

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss with Prejudice and Motion for Sanctions (doc. 9), filed October 6, 2005.  After review of the pleadings and for the reasons discussed herein, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's claims against Defendant with prejudice.  The Court **DENIES** Defendant's Motion for Sanctions.

## I.  BACKGROUND

Plaintiff Susan Scott filed this action in Texas state court on August 19, 2005, seeking $40 million in damages for an alleged violation of 18 U.S.C. § 2071(a).  Defendant Experian removed the case to this Court on September 6, 2005 on the basis of federal question and diversity jurisdiction.  After review of the pleadings, the Court had serious concerns regarding the legal basis for Plaintiff's claims and the possibility that they were frivolous.  Therefore, the Court set a hearing for September 28, 2005 and required Plaintiff to present legal authority and argument regarding whether her state court Petition stated a non-frivolous cause of action against Defendant.  (doc. 2)  The Order setting the hearing warned Plaintiff that failure to comply could result in dismissal of her

case.  (*Id.*)  On September 28, 2005, counsel for Defendant was present at the hearing; however, Plaintiff did not appear.  The Court then issued an Order dismissing Plaintiff's case without prejudice, but giving her thirty days to show cause why her case should not be dismissed.  (doc. 6) The Court warned that failure to do so would result in dismissal of Plaintiff's case with prejudice. (*Id.*)  To date, Plaintiff has not attempted to demonstrate why her claims are not frivolous.

## II.  ANALYSIS

The Court has received only two documents from Plaintiff since this suit was removed.  The first, a document entitled "Disqualification of Judge's," filed September 12, 2005, appears to argue that all federal court judges are biased against persons appearing *pro se*.  (doc. 4)  The second document, filed October 3, 2005, argues that all the actions of this Court taken since the "Disqualification of Judge's" was filed are "void because of the corruption."  (doc. 8)  Neither document makes any particularized showing that this Court is biased or prejudiced in this case, and to the extent Plaintiff seeks disqualification of the Honorable Jane J. Boyle, her request is **DENIED**.

As noted in this Court's September 28, 2005 Order, Plaintiff's allegations in her state court Petition do not state a claim for relief, because 18 U.S.C. § 2071(a) is a criminal statute that does not create a civil cause of action.  *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). Further, the statute criminalizes destroying government documents, while Plaintiff's allegations against Defendant, although unclear, appear to involve a dispute over a bank account.  Thus, the Court finds that Plaintiff's state court Petition does not state a claim against Defendant, and Plaintiff has not attempted to show that it does, despite being given multiple opportunities.  Therefore, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's claims against Defendant with prejudice.

Defendant also seeks sanctions against Plaintiff for her frivolous filing; however, the Court

**DENIES** Defendant's Motion for Sanctions.

**SO ORDERED.**

**SIGNED** November  2nd , 2005

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE